**Mark S. FINKS**

v.

**SECRETARY OF STATE et al.**

Supreme Judicial Court of Maine.

Argued Aug. 18, 1994.

Decided Aug. 18, 1994.

Opinion Issued Sept. 9, 1994.

Mark S. Finks (orally), pro se.

Catherine R. Connors (orally), Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, Cabanne H. Howard (orally), Asst. Atty. Gen., Augusta, for the appellees.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

Mark S. Finks appeals from a summary judgment entered in the Superior Court (Cumberland County, *Brennan, J.*) declaring that Susan M. Collins meets the residency requirements for election as governor in the Maine Constitution, Article V, Part First, Section 4. Finks challenges only the procedural steps that preceded the entry of judgment. Neither the parties nor the trial court have addressed what may be significant issues of standing or timeliness. Nevertheless, even on the limited record before it, we determine that the trial court was justified in addressing and rejecting the merits of Finks's complaint. We affirm the judgment of the Superior Court.

Finks's two-count complaint alleges that Collins does not meet the residency requirements for the office of governor in the Constitution. Moreover, Finks alleges that the Secretary of State abridged his rights by allowing an ineligible candidate to represent the Republican Party in the general election. Finks seeks a jury trial on his declaratory judgment count and, on his second count, an injunction restraining the Secretary from printing the ballots for the general election. After permitting Collins to intervene, the court heard arguments on Fink's motion for a temporary restraining order and on the defendants' motions for a summary judgment. The court denied the restraining order and entered a summary judgment declaring that Collins is qualified to be a candidate for governor within the meaning of Article V, Part First, Section 4 of the Constitution. After the filing of Fink's notice of appeal, we granted the defendants' request for an expedited briefing schedule and oral argument.

In his brief and at oral argument Finks addressed only the alleged procedural defects in the trial court proceeding. He insisted that the Rules of Civil Procedure provide him 21 days to respond to a motion for a summary judgment and that he is entitled to "compulsive process" for discovery concerning the conduct of the Secretary of State and the Attorney General. He did not argue the merits of his interpretation of the Constitution. According to Finks, only a full trial by a "civil jury" would provide that "elegant elucidation" required for this important constitutional issue. Despite Finks's failure to address directly the meaning of the Constitution, we glean from the trial court proceedings that his primary contention is that the

Constitution requires a candidate for governor to have been a resident of the state for the 5 years next preceding the commencement of the governor's term.

In opposition to Finks's motion for a temporary restraining order and in support of her motion for a summary judgment, Collins filed an affidavit tracing the status of her residence from her birth in 1952 in Caribou to July 1994. The affidavit includes a period from February 1992 to October 1993 when she served in federal and state government positions in Massachusetts. Collins acknowledged that she obtained a driver's license and an automobile registration in Massachusetts. She also registered to vote in Massachusetts, although she did not vote there. She maintained a residence in Standish as well as in Massachusetts during the time she worked there. Collins stated under oath that she never intended to abandon her Maine domicile and always intended to return to her home in Maine.

Collins has argued on appeal that the summary judgment was appropriate pursuant to any rational interpretation of the Constitution. She contends that she has been a resident and domiciliary of the state throughout her life. As a result, she maintains that any controversy concerning the meaning of the residency requirements of the Constitution is immaterial.

We need not determine whether all of Collins's legal arguments are correct. We need only decide that the Constitution does not, by implication, require that a gubernatorial candidate reside in Maine for the 5 years next preceding commencement of the governor's term. Finks has argued that he did not have an adequate opportunity to respond to the motions for a summary judgment. Even if he were denied any opportunity for discovery, that error was harmless. Any likelihood of success on his complaint depended on the court's acceptance of his interpretation of the Constitution. He cannot now complain about the absence of an opportunity to develop facts that are not relevant to the success of his lawsuit.

We conclude that the trial court correctly rejected Finks' contention on the basis of the following analysis:

The internal logic of Article V, Part First, Section 4 itself calls for this result. That section provides:

> The Governor shall, at the commencement of the Governor's term, be not less than 30 years of age; a citizen of the United States for at least 15 years, *have been 5 years a resident of the State; and at the time of election and during the term for which elected, be a resident of said State.*

Me. Const. art. V, pt. 1, § 4 (emphasis added). Section 4 states that a candidate must "have been 5 years a resident of the State." If that clause were to mean the five years next preceding the election, then the next clause, "and at the time of the election ... be a resident of said State," would serve no purpose. A candidate who was a resident for the five years next preceding the [commencement of the governor's term] would necessarily be a resident on election day. The reading urged by [ ] Finks renders the second clause meaningless, a result disfavored when construing the Constitution. Further, in a section of the Maine Constitution dealing with durational residency requirements for legislators, the framers used the phrase "next preceding the time of election." Me. Const. art IV, pt. 1, § 4. The use of the "next preceding" language in Article IV, and its absence from Article V, suggests that the absence was intentional on the part of the framers of the Maine Constitution. The interpretation of Article V, Part First, Section 4 of the Maine Constitution urged by [the defendants] is therefore the more reasonable interpretation.

We need not accept the Attorney General's argument that 5 years of cumulative presence in the state at any time since birth would be sufficient to meet the constitutional residence requirement. Likewise, we need not decide which of Collins's proposed interpretations is correct. All we do decide is that Finks's allegation, even if true, that

Collins's residence has not been continuous for the 5 consecutive years next preceding the commencement of her term if elected does not disqualify her from serving as governor.

The entry is:

Judgment of the Superior Court of July 29, 1994, affirmed.

All concurring.